UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 11-186 (MJD)

(1) ATINA MARIE NELSON,

       Defendant.

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff.

Ira W. Whitlock, Whitlock Law Office, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Amend Conditions of Sentence. [Docket No. 33]

## II.    BACKGROUND

On June 30, 2011, Defendant Atina Marie Nelson pled guilty to Count One of the Information, Bank Fraud, in violation of 18 U.S.C. § 1344. On May 30, 2013, the Court sentenced Defendant to 15 months in prison, followed by 5 years supervised release. Defendant did not appeal.

On November 1, 2013, Defendant filed the current Motion to Amend Conditions of Sentence. Defendant's motion states that it is brought pursuant to 28 U.S.C. § 2255.

## III. DISCUSSION

### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B. Analysis under § 2255

Defendant requests that the Court amend her sentence to allow her early release from prison because of changed circumstances. Specifically, Defendant's father is in failing health, so her mother and father have represented that they are no longer able to care for Defendant's four minor children. Defendant represents that she raises no constitutional challenge to her conviction or sentence, does not challenge the jurisdiction of this Court, and does not challenge the facts or law which led to her conviction. She does not argue that the sentence imposed, which was below the Guideline sentence, exceeded the maximum authorized by law or is otherwise subject to collateral attack. Defendant does not raise any viable argument under § 2255.

### C. The Court' Jurisdiction to Modify a Term of Imprisonment

3

Despite Defendant's citation to § 2255, her motion does not appear to be properly brought under that authority.  Rather, Defendant appears to be asserting a motion to modify her sentence based on changed circumstances.

This Court does not have jurisdiction to modify a term of imprisonment once it has been imposed except 1) upon a motion from the Director of the Bureau of Prisons based on extraordinary and compelling circumstances or the defendant's advanced age; 2) to the extent expressly authorized by statute or by Federal Rule of Criminal Procedure 35; or 3) if a defendant was sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission and designated to apply retroactively.  18 U.S.C. § 3582(c).  See also United States v. Auman, 8 F.3d 1268, 1270-72 (8th Cir. 1993).  In this case, there is no motion from the Director of the Bureau of Prisons; no statute authorizes modification of Defendant's sentence; Rule 35, which permits correction of an error within 14 days of sentencing and reduction based on substantial assistance to the Government, does not apply; and Defendant was not sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission.  Despite the difficult family situation faced by Defendant, the Court does not have jurisdiction to modify Defendant's sentence.

D.  **Certificate of Appealability**

The Court concludes that Defendant's motion is not properly classified as a § 2255 petition. However, to the extent that Defendant claims that her motion is a § 2255 petition, the Court denies a Certificate of Appealability. The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Amend Conditions of Sentence [Docket No. 33] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 26, 2013         s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court